**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GABRIEL TATARU, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| RGS FINANCIAL, Inc., | ) ) ) ) | |
| Defendant. | ) | <u>JURY TRIAL DEMANDED</u> |

## <u>CLASS ACTION COMPLAINT</u>

On behalf of himself and all others similarly situated, Plaintiff Gabriel Tataru files this complaint against Defendant RGS Financial, Inc. for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims, and those brought on behalf of the proposed class defined herein, arise under 15 U.S.C. § 1692 *et seq*.

2.      Venue is proper in this District because the acts and transactions occurred here, and Defendant transacts substantial business here.

## <u>PARTIES</u>

3.      Plaintiff, Gabriel Tataru ("Mr. Tataru" or "Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed

1

to an entity that Defendant describes as "FNB Omaha II". Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant RGS Financial, Inc. d/b/a RGS Collections, Inc. ("RGS"), is a Texas based corporation, with its principal place of business at 1700 Jay Ell Dr., Richardson, Texas 75081. RGS does or transacts business in Illinois. Its registered agent is Cogency Global, Inc., which can be found at 600 South Second Street, Suite 404, Springfield, Illinois 62704.

5. RGS regularly collects, or attempts to collect, consumer debt owed to another.

6. RGS acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

7. RGS also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. RGS is licensed as a collection agency in the State of Illinois.

## FACTUAL ALLEGATIONS

9. Defendant has alleged that Plaintiff incurred a debt due to an allegedly defaulted debt to an entity named "FNB Omaha II". ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Defendant has alleged that Plaintiff failed to pay the full balance and that the account later entered default.

11. Defendant claims to be collecting the alleged debt on behalf of the creditor "FNB Omaha II".

12. RGS began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about July 12, 2018. (Exhibit A, Collection Letter).

13. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

14. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

15. The Letter was Defendant's initial communication to Plaintiff.

16. The Letter states in two separate places, "Creditor: "FNB OMAHA II" followed by a string of numbers. (Exhibit A).

17. The Letter fails to clearly and accurately identify the current creditor to whom the debt is owed.

18. Plaintiff, and the unsophisticated consumer, would be unable to determine without further reference who "FNB OMAHA II" is, since there is no entity by the name of "FNB OMAHA II".

19. 15 U.S.C. § 1692g of the FDCPA provides in relevant part:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

20. Defendant violated §§ 1692g and 1692g(2) when it failed to accurately convent the name of the creditor to whom the debt is owed.

21. 15 U.S.C. § 1692e of the FDCPA states in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22.     Defendant violated §§ 1692e and 1692e(10) by making a false, deceptive and misleading statement when it claimed that the creditor to whom the debt was owed was "FNB OMAHA II", since there is no entity by that name.

23.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT- CLASS CLAIM

24.     Plaintiff re-alleges the previous paragraphs as if set forth fully in this count.

25.     Defendant violated §§ 1692g and 1692g(2) when it failed to accurately convent the name of the creditor to whom the debt is owed.

26.     Defendant violated §§ 1692e and 1692e(10) by making a false, deceptive and misleading statement when it claimed that the creditor to whom the debt was owed was "FNB OMAHA II", since there is no entity by that name.

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim on behalf of a Class.

28.     Plaintiff's proposed class consists of (a) all individuals with Illinois addresses (b) who were sent a collection letter, by or on behalf of RGS, in the form represented by Exhibit A of this Class Complaint (c) to collect a consumer debt (d) that was sent from September 6, 2018,

4

to 21 days after the filing of this complaint (e) that was not returned as undeliverable by the postal service.

29.     Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

30.     On information and belief, the Class consists of more than 35 persons, due to the form nature of the letter.

31.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

33.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because the Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

34.     Because of the Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff, Gabriel Tataru, individually and on behalf of all others similarly situated, respectfully requests that the Court:

A.     Certify this action as a class action;

B.     Appoint Plaintiff Gabriel Tataru as Class Representative of the Class, and his attorneys as Class Counsel;

C.     Declare that Defendant's collection practices violate the FDCPA;

D.     Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

E.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:     /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

6

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys